IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:14CV463-RJC-DSC

| | |
|---|---|
| DONNELL TAYLOR,<br>      Plaintiff,<br><br>    vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social<br>Security Administration,<br>      Defendant. | )<br>)<br>)<br>)   **MEMORANDUM AND RECOMMENDATION**<br>)                 **OF REMAND**<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #11) and "Memorandum ..." (document #12), both filed January 6, 2015, and Defendant's "Motion for Summary Judgment" (document #13) and "Memorandum … in Support ..." (document #14), both filed March 4, 2015.

On March 27, 2015, the Court granted the parties leave to file supplemental briefs limited to addressing the potential impact of the Court of Appeals decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015).

On March 31, 2015 and April 21, 2015, the parties filed their supplemental briefs. See documents ## 16 and 17).

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be

1

granted; that Defendant's Motion for Summary Judgment be denied; that the Commissioner's decision be reversed, and this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

## I. PROCEDURAL HISTORY

On July 6, 2010, Plaintiff filed an application for a period of disability, disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") alleging that he was unable to work as of March 15, 2010. (Tr. 230-37).

Plaintiff's application was denied initially and upon reconsideration. Plaintiff subsequently requested a hearing which was held on November 7, 2012. (Tr. 25-58).

On February 8, 2013, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (Tr. 17-24). The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 19). The ALJ also found that Plaintiff suffered from congestive heart failure, ventricular tachycardia, status post-automated cardioverter-defibrillator ("AICD") implantation, status post cerebrovascular accident and obesity, which were severe impairments within the meaning of the regulations id., but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 19-20).

The ALJ found that Plaintiff retained the Residual Functional Capacity ("RFC")[1] to perform a full range of sedentary work.[2] (Tr 20). The ALJ then found that Plaintiff could not

---

[1]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2]Sedentary work involves lifting no more than ten pounds at a time and occasional lifting or carrying of articles

perform his past relevant work as a deckhand, electrician helper, forklift operator, warehouse laborer, truck loader/off loader or rental delivery driver. (Tr. 23).

Based upon Plaintiff's RFC for sedentary work, as well as his age, education, and work experience, the ALJ determined that Plaintiff was not disabled under Medical-Vocational Rules 201.28 and 201.21. (Tr. 23-24.)

Plaintiff filed a timely Request for Review by the Appeals Council. By notice dated June 23, 2014, the Appeals Council denied Plaintiff's request for further administrative review. (Tr. 1-4).

Plaintiff filed the present action on August 22, 2014. He assigns error to the ALJ's formulation of his RFC and particularly to the ALJ's failure to assess his capacity to perform relevant functions despite contradictory evidence in the record. See Plaintiff's "Supplemental Memorandum ..." at 1-3 (document #16). The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795

---

like docket files, ledgers, and small tools. 20 C.F.R.§§ 404.1567(a), 416.967(a). Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Id. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. Id.

F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time.[3] Plaintiff

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

4

challenges the ALJ's determination of his RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio, supra, the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). This

---

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. It is only after that function-by-function analysis has been completed that a claimant's RFC may "be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id.

Applying those legal principles to the record in this case, the undersigned concludes that this matter should be remanded for a new hearing. The ALJ gave "the greatest weight to the State agency medical consultant's opinion (Exhibit 5A/6A) … [h]owever, [he found] that [Plaintiff] is more limited than indicated by the consultant's finding that [Plaintiff] can do a limited range of light work." (Tr. 22). The ALJ further stated that he gave greater weight to the medical consultant's opinions over those of Plaintiff's treating cardiologist. The medical consultant opined that Plaintiff must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and hazards. (Tr. 89, 102). The ALJ also noted that the treating cardiologist reported that Plaintiff was suffering from shortness of breath while climbing stairs (Tr. 21).

The ALJ ultimately found Plaintiff capable of performing a full range of sedentary work as defined in 20 CFR §§ 404.1567(a), 416.967(a). (Tr. 20). The ALJ did not include any environmental restrictions in the RFC. Despite giving the greater weight to the medical consultant's opinions, the ALJ did not include that physician's recommended environmental restrictions in Plaintiff's RFC. Failure to explain this apparent contradiction requires remand under Mascio, 780 F.3d at 636.

## IV. **RECOMMENDATIONS**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #11) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #13) be **DENIED**; and that the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[4]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

---

[4] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

**SO RECOMMENDED AND ORDERED**.

Signed: May 1, 2015

David S. Cayer
United States Magistrate Judge